**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

KEMPER VALVE & FITTINGS CORP.,  §
                                §
    Plaintiff                   §
                                §
v.                              §        Case No. A:13-CV-853 AWA
                                §
TEXAS HEAT TREATING, INC.,      §
                                §
    Defendant                   §

---

**PLAINTIFF KEMPER VALVE & FITTINGS CORP.'S PROPOSED VERDICT FORM**

---

    Plaintiff Kemper Valve & Fittings Corp. ("Kemper") respectfully requests that the following Verdict Form be given to the jury in this matter.

**<u>VERDICT FORM</u>**

**Instructions:**  In answering these questions, you are to follow all of the instructions I have given you in the Court's charge.[1]

---

[1]    Kemper has also filed a Proposed Jury Charge in this matter.  *See* Doc. ___, "Plaintiff Kemper Valve & Fittings Corp.'s Proposed Jury Charge and Stipulations," filed March 17, 2016. Kemper's Proposed Jury Charge includes instructions for the questions below.

**QUESTION NO. 1 – BREACH OF CONTRACT**

Did Texas Heat Treating fail to comply with any of its contracts to perform heat treating services

in accordance with Kemper's engineering specifications?[2]

**Check "Yes" or "No" in the space provided:**

Yes _____     No _____

Please proceed to the next question.

---

[2]    *See* Texas Pattern Jury Charge ("TPCJ") § 101.2 (Civil 2014) ("Did [defendant] fail to comply with the agreement?").

**Kemper's Proposed Verdict Form**                    2

**QUESTION NO. 2 – DAMAGES FOR BREACH OF CONTRACT**

**If you answered "yes" to Question 1, answer Question 2. Otherwise, do not answer Question 2 and proceed to the next question.**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kemper for its damages, if any, that resulted from such failure to comply?[3]

**Consider the following elements of damages, if any, and none other:**

a) Reasonable and necessary costs of the recall that were a natural, probable, and foreseeable consequence of Texas Heat Treating's failure to comply.[4]

Answer: _____

b) Lost profits that were a natural, probable, and foreseeable consequence of Texas Heat Treating's failure to comply.[5]

Answer: _____

Please proceed to the next question.

---

[3]    TPJC § 115.3.

[4]    *See* TPJC § 115.5.

[5]    TPJC § 115.5.

**Kemper's Proposed Verdict Form**                    3

**QUESTION NO. 3 – BREACH OF EXPRESS WARRANTY**

Was the failure, if any, of Texas Heat Treating to comply with an express warranty a proximate

cause of damages to Kemper?[6]

**Check "Yes" or "No" in the space provided:**

Yes _____    No _____

Please proceed to the next question.

---

[6] *See* TPJC § 102.8; *see also Superior Broad. Products v. Doud Media Group, LLC*, 392 S.W.3d 198, 209-10 (Tex. App.—Eastland 2012); *Basic Energy Serv., Inc. v. D-S-B Properties, Inc.*, 367 S.W.3d 254, 268-69(Tex. App.—Tyler 2011); *Ferrari v. Kohler Co.*, CIV.A. H-05-2612, 2006 WL 1987706, at *2 (S.D. Tex.Oct. 17, 2006) .

**QUESTION NO. 4 – BREACH OF IMPLIED WARRANTY**

Was the failure, if any, of Texas Heat Treating to comply with the implied warranty of good and

workmanlike performance a proximate cause of damages to Kemper?[7]

**Check "Yes" or "No" in the space provided:**

Yes _____    No _____

Please proceed to the next question.

---

[7]      *See supra* at n.6.

**Kemper's Proposed Verdict Form**                    5

**QUESTION NO. 5 – DAMAGES FOR BREACH OF WARRANTY**

**If you answered "yes" to either Question 3 or Question 4, answer Question 5.  Otherwise, do not answer Question 5 and proceed to Question 6.**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kemper for its damages, if any, that resulted from such failure to comply?[8]

**Consider the following elements of damages, if any, and none other:**

a) Reasonable and necessary costs of the recall that were a natural, probable, and foreseeable consequence of Texas Heat Treating's failure to comply.[9]

Answer: _____

b) Lost profits that were a natural, probable, and foreseeable consequence of Texas Heat Treating's failure to comply.[10]

Answer: _____

Please proceed to the next question.

---

[8]    TPJC § 115.3.

[9]    *See* TPJC § 115.5.

[10]    TPJC § 115.5.

**QUESTION NO. 6 – NEGLIGENT MISREPRESENTATION**

Did Texas Heat Treating make any negligent misrepresentation(s) on which Kemper justifiably relied?[11]

**Check "Yes" or "No" in the space provided:**

Yes _____    No _____

Please proceed to the next question.

---

[11]    TPJC § 105.19; *see also Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (adopting Restatement (Second) of Torts § 552 (1977), tort of negligent misrepresentation); *see also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999); *American Tobacco v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997).

**QUESTION NO. 7 – DAMAGES FOR NEGLIGENT MISREPRESENTATION**

**If you answered "yes" to Question 6, answer Question 7. Otherwise, do not answer Question 7 and proceed to the Question 9.**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kemper for its damages, if any, that were proximately caused by such negligent misrepresentation(s)?[12]

**Consider the following elements of damages, if any, and none other:**

a) The difference, if any, between the value of what Kemper received in the transaction(s) and the purchase price or value given.

Answer: _____

b) The economic loss, if any, suffered as a consequence of Kemper's reliance on Texas Heat Treating's misrepresentation(s).

Answer: _____

Please proceed to the next question.

---

[12]    TPJC § 115.21; *see also* Restatement (Second) of Torts § 552B (1977); *Sloane*, 825 S.W.2d at 442-43; *D.S.A., Inc.*, 973 S.W.2d at 662-64.

**Kemper's Proposed Verdict Form**                    8

**QUESTION NO. 8 – NEGLIGENT MISREPRESENTATION PREDICATE**

**If you answered "yes" to Question 6 and your answer to Question 6 was unanimous, answer Question 8.  Otherwise, do not answer Question 8 and proceed to the next question.**

Do you find by clear and convincing evidence that the harm to Kemper from Texas Heat Treating's negligent misrepresentation(s) resulted from gross negligence?[13]

**Check "Yes" or "No" in the space provided:**

Yes _____     No _____

Please proceed to the next question.

---

[13]     TPJC § 115.24.

**QUESTION NO. 9 – FRAUD**

Did Texas Heat Treating commit fraud against Kemper?[14]

**Check "Yes" or "No" in the space provided:**

Yes _____    No _____

Please proceed to the next question.

---

[14]    TPJC § 105.1.

**QUESTION NO. 10 – DAMAGES FOR FRAUD**

**If you answered "yes" to Question 9, answer Question 10.  Otherwise, do not answer Question 10 and proceed to Question 12.**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kemper for its damages, if any, that were proximately caused by such fraud?[15]

Answer: _____

Please proceed to the next question.

---

[15]     TPJC § 115.20.

**QUESTION NO. 11 – FRAUD PREDICATE**

**If you answered "yes" to Question 9 and your answer to Question 9 was unanimous, answer Question 11.  Otherwise, do not answer Question 11 and proceed to Question 12.**

Do you find by clear and convincing evidence that the harm to Kemper resulted from gross negligence or fraud?[16]

**Check "Yes" or "No" in the space provided:**

Yes _____    No _____

Please proceed to the next question.

---

[16]    TPJC § 115.37B.

**QUESTION NO. 12 – EXEMPLARY DAMAGES**

**If you answered "yes" to Question 8 and your answer was unanimous, *or* if you answered "yes" to Question 11 and your answer was unanimous, answer Question 12.  Otherwise, do not answer Question 12, and proceed to the next question.**

What sum of money, if any, if paid now in cash, should be assessed against Texas Heat Treating and awarded to Kemper as exemplary damages, if any, for the conduct found in response to Question 8 or Question 11?[17]

Answer: _____

---

[17]     TPJC § 115.38.

**QUESTION NO. 13 - DISCOVERY RULE**

**If you answered "yes" to Question 1, Question 3, Question 4, or Question 6, or Question 9,**

**answer Question 13.  Otherwise, do not answer Question 13, and proceed to the last page.**

By what dates should Kemper, in the exercise of reasonable diligence, have discovered its injury

from Texas Heat treating's wrongful act(s)?[18]

Answer: _____

Please proceed to the next question.

---

[18]        *See* TPJC § 102.23.

**QUESTION NO. 14 - FRAUDULENT CONCEALMENT PREDICATE**

**If you answered "yes" to Question 1, Question 3, Question 4, or Question 6, or Question 9, answer Question 14.  Otherwise, do not answer Question 14, and proceed to the last page.**

Did Texas Heat Treating fraudulently conceal its wrongdoing from Kemper?

Answer: _____

Please proceed to the next question.

**QUESTION NO. 15 - FRAUDULENT CONCEALMENT**

**If you answered "yes" to Question 14, answer Question 15.  Otherwise, do not answer Question 15, and proceed to the last page.**

By what date should Kemper, in the exercise of reasonable diligence, have discovered Texas Heat Treating's deceitful conduct?[19]

Answer: _____

Please proceed to the next page and your Presiding Juror will sign the Verdict Form.

---

[19]    *See* TPJC § 105.5.

We, the jury, unanimously answered the preceding questions by a preponderance of the evidence or by clear and convincing evidence as instructed for each question.

Submitted the _____ day of April, 2016, at _____ o'clock __.M.

_____

PRESIDING JUROR

**Kemper's Proposed Verdict Form**                    17

Dated:  March 17, 2016

Respectfully submitted,

**EWELL, BROWN, BLANKE & KNIGHT LLP**

By: */s/ Joseph R. Knight*

    Joseph R. Knight
    Texas Bar No. 11601275
    jknight@ebbklaw.com
    111 Congress Ave., Suite 2800
    Austin, Texas 78701
    512.770.4010
    512.684.7681 (Facsimile)

**BAKER BOTTS L.L.P.**

    Stephanie F. Cagniart
    Texas Bar No. 24079786
    stephanie.cagniart@bakerbotts.com
    98 San Jacinto Blvd., Ste 1500
    Austin, Texas 78701-4039
    512.322.2500
    512.322.2501 (Facsimile)

**KELLY, OLSON, MICHOD, DEHAAN & RICHTER, L.L.C.**

    David S. Adduce
    *Admitted pro hac vice*
    dadduce@komdr.com
    333 West Wacker Drive, Suite 2000
    Chicago, IL 60606
    312.236.6700
    312.236.6706 (Facsimile)

**ATTORNEYS FOR
KEMPER VALVE & FITTINGS CORP.**

**Kemper's Proposed Verdict Form**    18

## CERTIFICATE OF SERVICE

On March 17, 2016, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court.  I hereby certify that I will serve all counsel of record electronically or by other means authorized by the Court or the Federal Rules of Civil Procedure.

*/s/ Joseph R. Knight*
Joseph R. Knight